

FILED

JUL 2 0 2017

_____ E. PARKS
Deputy Clerk

1 | Robert G. McCarthy, Esq.
McCARTHY LAW, P.C.
2 | 1940 Dewey Blvd., Ste. A
Butte, MT 59701
3 | (406) 494-2500  telephone
(406) 494-9724  facsimile
4 | bob@mccarthylaw.net

5

Attorney for Plaintiffs

6

7 | MONTANA SECOND JUDICIAL DISTRICT COURT IN AND
8 | FOR SILVER BOW COUNTY, STATE OF MONTANA

9 | SHARON HOWARD and FRANK          )
HOWARD,                          )
10 |                                 )   Cause No. DV-17-244
Plaintiffs,              )            KURT KRUEGER
11 |                                 )            Judge, Dept. 1
vs.                      )
12 |                                 )   COMPLAINT AND DEMAND FOR
INTERSTATE DISTRIBUTOR CO.,      )   JURY TRIAL
13 | CHARLES BROWN, and JOHN DOES 1  )
through 10,                      )        SUMMONS ISSUED
14 |                                 )
Defendants.              )

15

16 | COME NOW, THE ABOVE-NAMED Plaintiffs, SHARON HOWARD and FRANK

17 | HOWARD, by and through their counsel of record Robert G. McCarthy, and for their cause of

18 | action against the Defendants, allege as follows:

19 | GENERAL ALLEGATIONS

20 | 1.    Plaintiffs SHARON HOWARD and FRANK HOWARD (hereinafter "S. Howard

21 | and F. Howard respectively") are husband and wife and were at all times mentioned

22 | in this Complaint, residents of Butte-Silver Bow County, State of Montana.

23 | 2.    Defendant INTERSTATE DISTRIBUTOR CO. (hereinafter "Interstate") was at all

24 | times mentioned in this Complaint, an interstate trucking company with its

COMPLAINT AND DEMAND FOR JURY TRIAL                                          PAGE 1



1   principal place of business in Tacoma, Washington, and doing business in the State
2   of Montana.

3.   Defendant CHARLES BROWN (hereinafter "Brown") was at all times mentioned
in this Complaint, and to the best of Plaintiffs' knowledge, a resident of the State
of Washington and an employee of Defendant Interstate.

4.   Defendants John Does 1 through 10 are individuals, named herein who may be
identified later by Plaintiffs or other Defendants, who may be legally responsible
to Plaintiff for the injuries sustained in the accident which is the subject of this
litigation.

5.   This Court has jurisdiction over this matter.

6.   Silver Bow County, State of Montana is a proper venue for this action.

7.   This lawsuit results from a collision that occurred at the Intersection of Montana
Street and Front Street in Butte, Montana on March 26, 2015.

8.   Plaintiffs were at the stop light at the Intersection of Montana Street and Front
Street in the inside lane on Montana Street waiting for the light.  Defendant Brown
was driving the semi/tractor-trailer owned by Interstate Distributor Co. and was
making a right hand turn off of Montana Street onto Front Street, when the trailer
of the semi caught the Plaintiff's vehicle on the passenger side directly behind the
passenger side door and dragged the Plaintiff's vehicle several feet before stopping.

## COUNT I.  NEGLIGENCE AGAINST BROWN

9.   Plaintiffs reincorporate allegations 1-8 herein as if set forth in their entirety.

10.   At the time of the accident, Brown had a duty to exercise ordinary care and
operate his vehicle reasonably and prudently.

11. Brown breached that duty in that he failed to drive his vehicle in a safe and prudent manner failing to make a proper right hand turn in a commercial truck causing a collision with the Plaintiffs' vehicle and causing Plaintiffs' vehicle to be dragged behind the commercial vehicle.

12. As a proximate result of Brown's negligence, Plaintiffs suffered physical pain and injuries, mental anguish in the past and in the future, lost earnings, damage to earning capacity, physical impairment in the past and future, medical expenses in the past and future, and loss of household services in the past and future.

## COUNT II—RESPONDEAT SUPERIOR

13. Plaintiffs reincorporate allegations 1-12 herein as if set forth in their entirety.

14. The Plaintiffs sustained personal injury and damages due to the negligence of the employee of Interstate Distributor Co.

15. Brown was acting in the course and scope of his employment when operating Interstate's semi on March 26, 2015.

16. As a proximate result of the negligence of Interstate's employee, Plaintiffs suffered physical pain and injuries, mental anguish in the past and in the future, lost earnings, damage to earning capacity, physical impairment in the past and future, medical expenses in the past and future, and loss of household services in the past and future.

## COUNT III—NEGLIGENT HIRING, SELECTION, DIRECTION AND SUPERVISION OF DEFENDANT INTERSTATE DISTRIBUTOR CO.

17. Plaintiffs reincorporate allegations 1-16 herein as if set forth in their entirety.

18. Defendant Interstate owed a duty to the general public, including, but not limited to Sharon and Frank Howard, to exercise reasonable care in selecting the entities and individuals who would be used to transport loads for Interstate on public roadways from its base of operations to all locations Nationwide. Particularly,

Interstate owed a duty to use reasonable care in hiring skilled and competent contractors/drivers.

19.  At all relevant times, Brown was not a skilled and competent contractor/driver in the use of commercial motor vehicles, including the subject tractor-trailer semi, in transporting cargo and/or loads on city streets in Butte, Montana.  Brown was not a skilled and competent contractor/driver in that:

a.  He failed to adhere to the regulations and other laws applicable to the operation of commercial motor vehicles on city streets in Butte, Montana; and

b.  He lacked the requisite degree of knowledge, training, and experience to operate the tractor-trailer semi in a safe and non-negligent manner on public roadways.

20.  Defendant Interstate knew or should have known, in the exercise of reasonable care, that Brown was not a skilled and competent contractor/driver.   Particularly, Interstate had the opportunity, necessary resources (including publicly available sources) and employees with knowledge sufficient to investigate the skill and competence of Brown yet chose not to undertake any such investigation.

21.  Defendant Interstate is liable for the negligent actions of Brown because he was not a skilled and competent contractor/driver in the use of commercial vehicles transporting cargo/loads on city streets in Butte, Montana.

22.  Defendant Interstate is liable for the negligent actions of Brown because Interstate did not exercise reasonable care in selecting and hiring Brown to transport cargo/loads on public roadways, including Interstate 90 near Butte, Montana.

23.  Interstate is further liable for the actions of Brown in that at the time of the subject collision, Brown was engaged in an activity which Interstate knew, or should have known, in the exercise of reasonable care, constituted an inherent danger and risk

of harm to others unless extreme caution was taken. In particular, Interstate knew, or should have known, Brown presented an inherent danger and risk of harm to the motoring public, including Plaintiffs.

24. Interstate is liable for the actions of Brown and was aware he was inexperienced and not properly trained to drive on public roadways including the city streets of Butte, Montana.

25. Interstate was negligent in failing to advise of the inherent danger and risk of harm to the motoring public, including the Plaintiffs, created by Brown's inexperience on March 26, 2015.

26. Interstate was further negligent in failing to advise Brown of the extreme caution which should be taken to limit the inherent danger and risk of harm to the motoring public, including the Plaintiffs, on the city streets of Butte, Montana on or about March 26, 2015.

27. Interstate was further negligent in failing to ensure that Brown had knowledge of and adhered to the regulations and other laws applicable to the operation of commercial motor vehicles on Montana roadways, as well as Interstate's own safety/training materials and standard operating procedures.

28. Interstate's negligent hiring, selection, direction, training, and supervision of Brown directly and proximately caused and contributed to cause Sharon and Frank Howard to sustain severe and permanent injuries, suffer mental anguish in the past and future, suffer lost earnings, suffer damage to earning capacity, physical impairment in the past and future, medical expenses in the past and future, sustain loss of household services in the past and future, and suffer impairment to their marital relationship and sustain losses of consortium.

## COUNT IV—INTERSTATE'S VOLUNTARY/GRATUITOUS UNDERTAKING

29.   Plaintiff reincorporates allegations 1-28 herein as if set forth in their entirety.

30.   In the alternative, and to the extent it is determined that no duty was imposed by law on Interstate Distributor Co. with respect to the Howards, Plaintiffs allege that through its negotiation, contracting and interaction with Brown, Interstate undertook, gratuitously or for consideration, certain legal duties, including matters which it recognized or should have recognized, exercising reasonable care, were necessary for the protection of the motoring public, including the Howards. Particularly, Interstate voluntarily undertook to direct, monitor, supervise, and train Brown to:

   a.   Complete certain documentation generated and required by Interstate to monitor the work performed by Brown;

   b.   Comply with the requirements of all federal and state laws applicable to all drivers of commercial motor vehicle drivers;

   c.   Identify and register all employees who would be performing work on behalf of Defendant Interstate;

   d.   Follow the directions and orders of Interstate; and

   e.   Perform all work in accordance with Interstate's Standard Operating Procedure, training guides and rules.

31.   Interstate failed to exercise reasonable care and was negligent in performing the duties it voluntarily assumed, including the direction, monitoring, supervision and training of Brown.

32.   Interstate's negligence and failure to exercise reasonable care in the duties it voluntarily assumed directly and proximately caused and contributed to cause the

Howards to sustain severe and permanent injuries. Particularly, Interstate's negligence and failure to exercise reasonable care in the duties it voluntarily assumed increased the risk of harm to the Howards and the motoring public.

33. Interstate is further liable to The Howards by and through its negotiation, contracting and interaction with Brown undertook to perform and control the direction, monitoring, supervision and training of Brown.

34. As a direct and proximate result of the negligent acts and/or omissions of Interstate, The Howards suffered severe and permanent injuries, mental anguish in the past and future, lost earnings, damage to earning capacity, physical impairment in the past and future, medical expenses in the past and future, and loss of household services in the past and future.

## COUNT V: LOSS OF CONSORTIUM

35. Plaintiff reincorporates allegations 1-34 herein as if set forth in their entirety.

36. As a direct and proximate result of Defendants' negligence and breach of duty, Sharon Howard suffered injuries, including, but not limited to, physical, social, vocational and emotional injuries, incurred medical expenses, lost income, lost earning capacity, lost vocational ability, lost ability to perform household tasks, suffered permanent physical impairment of normal physical function and movement and ability to recovery from physical exertion; suffered an impairment of her marital relationship; suffered a loss of her established course of life; and suffered other losses to be proven at trial, all of which are recoverable from Defendants.

37. As a direct and proximate result of Defendants' negligence and breach of duty, Sharon Howard, individually and Frank Howard as Sharon's spouse, both suffered

damages, losses and impairments including, but not limited to, loss of consortium; loss of household income while injured and caring for the injured spouse; the impairment of the intimate relationship existing between them; impairment of the physical, social and psychological contribution to the operation and function of their household and family unit; impairment to their level of enjoyment of the activities that they enjoyed together, including, but not limited to, all work and social activities; to simply enjoying each other's company; free of pain and worry of physical pain or possible economic hardship caused by the injuries suffered by Sharon Howard; loss of pain free enjoyment of cooking and dining together, attending church, family events, and outings; enjoying recreational activities and planning them; enjoying hobbies together and apart; enjoying time with their children and family; being able to help their children that needed their full physical abilities; enjoying yard work; loss of enjoyment of life without worrying about pain and aches that were never a previous concern; loss of enjoying gardening; loss of enjoying a hard day's work in the lifestyle they had chosen for themselves and had worked decades to achieve, without fearing that Sharon Howard's physical injury will cause her pain and eventually the inability to do what she enjoyed; loss of the same level of enjoying vacations due to the loss of comfort and abilities; loss of their normal everyday sense of safety, comfort and general happiness, all of which are recoverable from Defendants.

WHEREFORE and for these reasons, Plaintiffs ask that the Defendants be cited to appear and answer and upon trial of this matter that the Plaintiffs have judgment against the Defendants for:

1. Actual damages;

2. Punitive damages;

3. Prejudgment and post judgment interest as allowed by law;

4. Cost of suit; and

5. Any all other such relief as the Court deems just and proper.

DATED this 18th day of July, 2017.

McCARTHY LAW, P.C.

ROBERT G. McCARTHY
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Come now the Plaintiffs and hereby demand a jury trial on all issues of fact in this case.

Dated this 18th day of July, 2017.

McCARTHY LAW, P.C.

ROBERT G. McCARTHY
Attorney for Plaintiff

## VERIFICATION

STATE OF MONTANA                    )
                                   :ss
County of Silver Bow               )

The undersigned hereby verify that the facts and information contained in the foregoing

COMPLAINT AND DEMAND FOR JURY TRIAL is true and correct to the best of their

knowledge and belief.

DATED this _17th_ day of July, 2017.


By _Sharon Howard_
SHARON HOWARD


By _Frank Howard_
FRANK HOWARD


Subscribed and sworn to before me this _17th_ day of July, 2017.

_Kimberly Hicks_

Notary Public for the State of Montana
Printed Name: _Kimberly Hicks_
Residing at Butte
My Commission Expires 06/30/2018

KIMBERLY HICKS
NOTARY PUBLIC for the
State of Montana
Residing at Butte, Montana
My Commission Expires
June 30, 2018

KIMBERLY HICKS
NOTARIAL
SEAL
STATE OF MONTANA

Robert G. McCarthy, Esq.
McCARTHY LAW, P.C.
1940 Dewey Blvd., Ste. A
Butte, MT 59701
(406) 494-2500 telephone
(406) 494-9724 facsimile
bob@mccarthylaw.net


Attorney for Plaintiffs


MONTANA SECOND JUDICIAL DISTRICT COURT IN AND
FOR SILVER BOW COUNTY, STATE OF MONTANA

| | | |
|---|---|---|
| SHARON HOWARD and FRANK HOWARD, | ) ) ) | |
| Plaintiffs, | ) ) | Cause No. DV-17-244<br>Hon. Kurt Krueger |
| vs. | ) ) ) | **NOTICE OF A LAWSUIT AND** |
| INTERSTATE DISTRIBUTOR CO., CHARLES BROWN, and JOHN DOES 1 through 10, | ) ) ) ) ) | **REQUEST TO ACKNOWLEDGE AND WAIVE SERVICE OF A SUMMONS** |
| Defendants. | | |

**TO:**  Interstate Distributor Co.
11707 21st Avenue CT S
Tacoma, Washington 98444

**Why are you getting this?**

A lawsuit has been filed against you, or the entity(ies) you represent, in this Court under the number shown above. A copy of the Complaint is attached.

This is not a summons, or an official notice from the Court. It is a request that, to avoid expenses, you acknowledge and waive formal service of a summons by signing and returning the enclosed acknowledgment and waiver. To avoid these expenses, you must return the signed acknowledgment and waiver within 21 days (42 days if you are the State of Montana, a state agency, or a state officer or employee) from the date shown below, which is the date this notice was sent. Two copies of the acknowledgment and waiver are enclosed, along with a stamped, self-addressed envelope, for returning one copy. You may keep the other copy.


**Notice of a Lawsuit and Request to Acknowledge and Waive Service of a Summons-1**

**What happens next?**

       If you return the signed acknowledgment and waiver, I will file it with the Court.  The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 21 days from the date you sign the acknowledgment and waiver (42 days if you are the State of Montana, a state agency, or a state officer or employee sued in an official capacity) to answer the Complaint.

       If you do not return the signed acknowledgment and waiver within the time indicated, I will arrange to have the summons and complaint served on Crossroads Correctional Center and I will ask the Court to require you, or the entity you represent, to pay the expenses of making service.

       Please read the enclosed statement about the duty to avoid unnecessary expenses.

       I certify that this request is being sent to you on the date below.

Date: _8 / 2 / 17_____        _____

                                  Robert G. McCarthy
                                    1940 Dewey Blvd., Ste. A
                                    Butte, Montana  59701
                                    (406) 494-2500
                                    bob@mccarthylaw.net

**Notice of a Lawsuit and Request to Acknowledge and Waive Service of a Summons-2**

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Montana Rules of Civil Procedure has a provision to avoid the unnecessary expenses of serving a summons and complaint. A defendant who fails to return a signed acknowledgment and waiver of service requested by a plaintiff will be required to pay the expenses of services, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the Court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the acknowledgment and waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the acknowledgment and waiver from, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the Court.

Robert G. McCarthy, Esq.
McCARTHY LAW, P.C.
1940 Dewey Blvd., Ste. A
Butte, MT 59701
(406) 494-2500 telephone
(406) 494-9724 facsimile
bob@mccarthylaw.net

Attorney for Plaintiffs

MONTANA SECOND JUDICIAL DISTRICT COURT IN AND
FOR SILVER BOW COUNTY, STATE OF MONTANA

| | | |
|---|---|---|
| SHARON HOWARD and FRANK HOWARD, | ) ) ) | |
| Plaintiffs, | ) ) | Cause No. DV-17-244<br>Hon. Kurt Krueger |
| vs. | ) ) | **ACKNOWLEDGMENT AND WAIVER** |
| INTERSTATE DISTRIBUTOR CO., CHARLES BROWN, and JOHN DOES 1 through 10, | ) ) ) ) | **OF SERVICE OF A SUMMONS** |
| Defendants. | ) | |

TO:    Robert G. McCarthy

I have received your request to acknowledge and waive service of a summons in this action along with a copy of the Complaint, two copies of this acknowledgment and waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity(ies) I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity(ies) I represent, will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity(ies) I represent, must file and serve an answer or a motion under Montana Rules of Civil Procedure, Rule 12, within 21 days from the date I sign this acknowledgment and waiver form (or 42 days if I am signing on behalf of the State of Montana, a state agency, or a state officer or employee).

**Acknowledgment and Waiver of Service of a Summons-1**

If I fail to do so, a default judgment will be entered against me or the entity(ies) I represent.

Date: _Aug 21, 2017_ 

_____
~~Agent~~ for Interstate Distributor Co
Attorney

Marshal L. Mickelson
_____
Printed Name

P.O. Box 509, Butte, MT  59703
_____
Address

mmick@cpklawmt.com
_____
E-mail Address

406-782-5800
_____
Telephone Number

**Acknowledgment and Waiver of Service of a Summons-2**

Marshal L. Mickelson
Clark R. Hensley
CORETTE BLACK CARLSON & MICKELSON
129 West Park Street
P.O. Box 509
Butte, MT  59703
PH    :  406-782-5800
FAX  :  406-723-8919
mmick@cpklawmt.com
chensley@cpklawmt.com

Attorneys for Defendants

FILED
SEP 1 1 2017
Tom Powers, Clerk
By_____
    Deputy Clerk

### MONTANA SECOND JUDICIAL DISTRICT COURT, SILVER BOW COUNTY

| | | |
|---|---|---|
| SHARON HOWARD and FRANK HOWARD, | * | No. DV-17-244-KK |
| | * | |
| | * | |
| Plaintiffs, | * | **ANSWER OF DEFENDANTS** |
| v. | *. | **INTERSTATE DISTRIBUTOR AND** |
| | * | **CHARLES BROWN** |
| INTERSTATE DISTRIBUTOR CO., CHARLES BROWN, and JOHN DOES 1 through 10, | * | |
| | * | |
| | * | |
| | * | |
| Defendants. | * | |
| | * | |

COME NOW defendants Interstate Distributor Co. and Charles Brown, by and through their counsel of record, Corette Black Carlson & Mickelson, and for their Answer to plaintiffs' Complaint admit, deny, and allege as follows.

### GENERAL ALLEGATIONS

1.    Admit based on information and belief.

2.    Admit.

3.    Admit.

4.    Defendants lack knowledge or information sufficient to form a belief as to the truth of said allegations contained in paragraph 4 and therefore deny the same.

5.      Admit.

6.      Admit.

7.      Admit.

8.      Defendants admit a collision occurred between the trailer owned by Interstate Distributor and plaintiffs' vehicle.  Defendants deny the remaining allegations contained in paragraph 8.

## COUNT I - NEGLIGENCE AGAINST BROWN

9.      Defendants reallege and incorporate their responses to paragraphs 1-8 as set forth above.

10.      Paragraph 10 is a statement of law and as such, no response is necessary.  To the extent a response is necessary, defendants deny said allegations.

11.      Defendants admit Brown negligently operated his vehicle and caused a collision with plaintiffs' vehicle.  Defendants deny the remaining allegations contained in paragraph 11.

12.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and therefore deny the same.

## COUNT II – RESPONDEAT SUPERIOR

13.      Defendants reallege and incorporate their responses to paragraphs 1-12 as set forth above.

14.      Deny.

15.      Admit.

16.      Deny.

## COUNT III – NEGLIGENT HIRING, SELECTION, DIRECTION, AND SUPERVISION OF DEFENDANT INTERSTATE DISTRIBUTOR CO.

17.    Defendants reallege and incorporate their responses to paragraphs 1-16 as set forth above.

18.    Paragraph 18 contains a statement of law and therefore no response is necessary.   To the extent a response is necessary, defendants deny said allegations.

19.    Deny.

20.    Deny.

21.    Deny.

22.    Deny.

23.    Deny.

24.    Deny.

25.    Deny.

26.    Deny.

27.    Deny.

28.    Deny.

## COUNT IV – INTERSTATE'S VOLUNTARY/GRATUITOUS UNDERTAKING

29.    Defendants reallege and incorporate their responses to paragraphs 1-28 as set forth above.

30.    Deny.

31.    Deny.

32.    Deny.

33.    Deny.

34.    Deny.

## COUNT V – LOSS OF CONSORTIUM

35.     Defendants reallege and incorporate their responses to paragraphs 1-34 as set forth above.

36.     Deny.

37.     Deny.

38.     Defendants deny each and every allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1.     At this time defendants have no information on the alleged injuries and damages of plaintiffs; however, plaintiffs have a duty to mitigate their damages and to the extent they have not, defendants are not responsible for any injuries or damages caused by plaintiffs' failure to mitigate their damages.

2.     Plaintiffs' injuries, if any, are an aggravation to a pre-existing condition.

3.     At this time defendants lack complete information on the alleged injuries or damages of plaintiffs; however, to the extent plaintiffs' injuries or damages are an aggravation to a preexisting condition, defendants are not responsible to the extent the conditions can be apportioned.

4.     Plaintiffs' alleged injuries or damages, if any, were caused by prior or subsequent injuries, illnesses, or defects for which defendants are not responsible or liable or said conditions should be apportioned as to any condition caused by the acts, if any, of defendants.

5.     If plaintiffs have received or may receive payment for the damages in their Complaint from a collateral source as defined in Mont. Code Ann. § 27-1-307, plaintiffs'

recovery must be reduced by the amount paid or payable from the collateral source pursuant to Mont. Code Ann. § 27-1-308.

**WHEREFORE**, defendants pray for judgment as follows:

1.     Judgment be entered in plaintiffs' favor for no more than the amount of damages, if any, actually incurred as a result of defendants' negligence;

2.     For any further relief which the court deems just and proper under the circumstances.

DATED this 11th day of September, 2017.

CORETTE BLACK CARLSON & MICKELSON

By _____
P.O. Box 509
Butte, MT  59703

Attorneys for Defendants

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was duly served upon counsel of record at their address or addresses this 11th day of September, 2017.

Robert G. McCarthy
McCarthy Law, P.C.
1940 Dewey Blvd., Suite A
Butte, MT  59701

CORETTE BLACK CARLSON & MICKELSON

By _____
P.O. Box 509
Butte, MT  59703

Marshal L. Mickelson
Clark R. Hensley
CORETTE BLACK CARLSON & MICKELSON
129 West Park Street
P.O. Box 509
Butte, MT  59703
PH    :  406-782-5800
FAX   :  406-723-8919
mmick@cpklawmt.com
chensley@cpklawmt.com

Attorneys for Defendants

FILED
OCT 1 1 2017
Tom Po.
By_____
Deputy Clerk

### MONTANA SECOND JUDICIAL DISTRICT COURT, SILVER BOW COUNTY

| | | |
|---|---|---|
| SHARON HOWARD and FRANK HOWARD, | * | No. DV-17-244-KK |
| | * | |
| Plaintiffs, | * | |
| v. | * | **DEFENDANTS' REQUEST FOR** |
| | * | **STATEMENT OF CLAIM** |
| INTERSTATE DISTRIBUTOR CO., CHARLES BROWN, and JOHN DOES 1 through 10, | * | |
| | * | |
| Defendants. | * | |

TO:   Plaintiffs above named and their counsel of record

You are hereby requested, pursuant to Montana Code Annotated § 25-4-312, to provide a statement within fifteen (15) days hereof setting forth the nature and amount of damages being sought in this action.

DATED this 11th day of October, 2017.

CORETTE BLACK CARLSON & MICKELSON

By_____

P.O. Box 509
Butte, MT  59703

Attorneys for Defendants

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was duly served upon counsel of record at their address or addresses this 11th day of October, 2017.

Robert G. McCarthy
McCarthy Law, P.C.
1940 Dewey Blvd., Suite A
Butte, MT  59701

CORETTE BLACK CARLSON & MICKELSON

By_____
P.O. Box 509
Butte, MT  59703